**In the Matter of Patrick R. TAYLOR.**

**No. 49S00–8707–DI–686.**

Supreme Court of Indiana.

June 24, 1988.

James H. Kelly, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Linda Barnard, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the Respondent, Patrick R. Taylor, have entered into and tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The agreement emanates from a complaint filed against the Respondent charging him with one count of misconduct, namely failing to return a client's file in violation of Disciplinary Rules 2–109(A)(2) and 9–102(B)(4) of the *Code of Professional Responsibility for Attorneys at Law*. The Respondent has also submitted an affidavit as required pursuant to A.D. Rule 23, Section 17(a).

Having reviewed the agreement, we find that the parties have stipulated that the Respondent defended Thomas K. Sanders in a criminal prosecution which resulted in Sanders' conviction for rape of a female child. The Respondent received $5,000 for the representation. Thereafter, Sanders sought to pursue a post-conviction relief petition and requested that the Respondent return his file. The Respondent agreed to do so on the condition that Sanders pay for the cost of copying the same. Later, the Respondent agreed to send Sanders his file without charge for copying. However, as of July 17, 1987, the Respondent had not sent Sanders his file as promised.

The parties have also agreed as to certain mitigating factors. They agree that

when Sanders employed the Respondent, he denied having intercourse with the victim. But after he was convicted, Sanders filed a grievance alleging that he was harmed because he was not permitted to testify at trial that the victim had consented. By reason of this conduct by the client, the Respondent formed the belief that his client had been untruthful to him and also had filed a baseless grievance; Respondent's treatment of the client was motivated by such belief.

From the foregoing facts, we conclude that the Respondent did engage in the charged misconduct. Based on the entire case before us, including the mitigating factors, we also find that the agreed to discipline, a public reprimand, is appropriate.

Accordingly, the agreement is approved and the Respondent, Patrick R. Taylor, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.